UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARONE RAMSEY, | ) | Case No. 5:07 CV 3884 |
| | ) | |
| Petitioner, | ) | Judge Ann Aldrich |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| STUART HUDSON, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas. |
| | ) | |

The matter of Aarone Ramsey's petition under 28 U.S.C. §2254 has been referred to the undersigned for report and recommended disposition. Ramsey states in his petition that he was convicted and sentenced to serve four years on April 11, 2005 following his guilty plea in the Stark County Court of Common Pleas in Case No. 2005 - CR - 660. He further states that he took no appeal. Years later, however, he did file a motion with the trial court to vacate illegal sentence and he did appeal from this (Petition p. 7; and see *State v. Ramsey*, 2007 WL 1934732, 2007 - Ohio - 3423 (Ohio App. 5 Dist.), appeal denied 116 Ohio St.3d 1439, 877 N.E.2d 991 (Table 2007). On the face of the petition and confirmed through public record, the petition is untimely filed under 28 U.S.C. §2244(d)(1)(A).[1]

---

[1] 28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5:07 CV 3884                                          2


Rule 4 of the Rules Governing §2254 Cases permits a district court to dismiss a habeas petition *sua sponte* as an initial matter when it plainly appears from the face of the petition that the petitioner is not entitled to relief.[2] The "1-year period of limitation" contained in 28 U.S.C. §2244(d)(1)(A), runs from "the date on which the judgment became final by the conclusion of direct review on the expiration of the time for seeking such review."

The calculation for Ramsey's "1-year period" commences April 11, 2005, when Ramsey, represented by counsel, changed his pleas to guilty followed by a sentence of 4 years. Since Ramsey did not seek a timely direct appeal within 30 days as required by Ohio R. App. P. 4(A), that 30-day period expired on May 11, 2005. See *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) (statute begins to run with expiration of Ohio R. App. P 4(A)'s time to appeal);

---

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise, the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

5:07 CV 3884                                                   3

*Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000) (court applies Fed. R. Civ. P. 6(a) in computing time). Thus, the period of limitations began running on May 12, 2005, "the expiration of the time for seeking such [direct] review," and ran uninterrupted through May 12, 2006. Ramsey's habeas petition, though, was not presented for filing until December 21, 2007, nineteen months after the statute of limitation had run.

Generally, once the "1-year period" has expired it cannot be retriggered or revived by subsequent state proceedings. See *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Searcy v. Carter*, 246 F.3d 280, 285-86 (6th Cir. 2001), *cert. denied*, 534 U.S. 905 (2001). However, Ramsey may counter this by showing impediment to filing (See 28 U.S.C. §2244(d)(1)(B)), newly recognized constitutional right (See 28 U.S.C. §2244(d)(1)(C)) new evidence (See 28 U.S.C. §2244(d)(1)(D)) or equitable tolling (See *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007)). None of these reasons appear to apply to Ramsey's situation.

On April 24, 2008 the undersigned gave Ramsey the opportunity to show cause why his petition should not be dismissed for untimeliness due to one of the exceptions contained in §2244(d)(1) or equitable tolling. Ramsey responded but in his response only argued the merit of his claim. Ramsey's sole ground raised in his petition is, "Unconstitutional illegal sentence imposed. Violation of the Fifth, Sixth and Fourteenth Amendment (sic)." As evidenced from the state proceedings on his motion to vacate, he is raising his claim under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *State v. Foster*, 109 Ohio St.3d 1, 2006 - Ohio - 856 (2006).

5:07 CV 3884                                                    4

Ramsey understood his petition is untimely for he explains on page 15 of the petition that he should not be "held accountable for the default" when on February 27, 2006 the Ohio Supreme Court in *State v. Foster* severed the sentencing system used in the state finding it unconstitutional.  Ramsey argues that the 1-year period had expired by that time so he had no opportunity to raise his ground.

First, for purposes of §2244(d)(1)(B) and (D),  the factual predicate was discoverable, it was clearly extant in the state trial court's judgment, and there was no filing impediment. *Blakely* was decided prior to Ramsey's April 2005 conviction and sentence and  was available for Ramsey to argue.  Second, for purposes of §2244(d)(1)(C) there was no constitutional right "newly recognized by the Supreme Court."     It is apparent that Ramsey is attempting to overturn his state conviction by persuading this federal court that *State v. Foster* should have been applied in state court.  *State v. Foster* may have set out new constitutional principles, but that state decision did not express a "newly recognized right by the Supreme Court."  The reference under §2244(d)(1)(C) to "the Supreme Court" was clearly intended to refer to the Supreme Court of the United States.  *State v. Foster* was an extrapolation of *Blakely* and *Booker* that struck down Ohio's legislatively mandated minimum sentences.  This state court ruling was not recognition by the Supreme Court of the United States of a new rule.  The reasoning exposited in *Foster* was derived from the reasoning of two other state supreme courts.    There was consequently no  newly recognized constitutional right from Supreme Court decision.  Consequently, there is no reason  for stay of the "1-year period" beyond the expiration of time for seeking direct review.

5:07 CV 3884                                                5

The alternative basis to excuse untimely filing is equitable tolling. The history of Ramsey's appeals, though, does not appear to provide a basis for equitable tolling. Moreover, Ramsey has not pursued this excuse in response to the show cause order.

The notice requirements have been satisfied. The Supreme Court requires the court to provide notice to the petitioner to allow the opportunity to respond to the issue of untimely filing. *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). A strict reading of *Day* limiting the decision to its facts could perhaps lead to the conclusion that the notice and response requirements only exist after the pre-answer initial screening. See *Day*, 547 U.S. at 202 ("The question presented is whether a federal court lacks authority, on its own initiative, to dismiss a habeas petition as untimely, once the state has answered the petition without contesting its timeliness.") and at 210 ("the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue.") Nonetheless although *Day* abrogated the holding from *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002), with respect to the court's inability to raise untimeliness *sua sponte* following the answer, the undersigned sees no basis for vacating *Scott*'s position that the district court has the ability to dismiss a petition *sua sponte* as an initial matter after giving the petitioner notice and opportunity to be heard. *Scott*, 286 F.3d at 930; *Wogoman v. Abramajtys*, 243 Fed. Appx. 885, 890 (6th Cir. 2007) (unreported), *cert. denied*, 128 S.Ct. 1279, 170 L.Ed.2d 107 (2008).

5:07 CV 3884                                                6

## CONCLUSION AND RECOMMENDATION

Accordingly, it is recommended that the petition be summarily dismissed due to untimeliness under 28 U.S.C. §2244(d)(1). No evidentiary hearing is required.


                                            s/James S. Gallas                
                                        United States Magistrate Judge

Dated: June 12, 2008

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).