**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AARONE RAMSEY,** ) | |
| ) | **Case No. 5:07-CV-3884** |
| **Petitioner,** ) | |
| ) | |
| v. ) | **JUDGE ANN ALDRICH** |
| ) | |
| **STUART HUDSON, Warden,** ) | **Magistrate Judge** |
| ) | **James S. Gallas** |
| **Respondent.** ) | |
| ) | **MEMORANDUM AND ORDER** |
| ) | |
| ) | |

This is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. *Pro se* petitioner Aarone Ramsey ("Ramsey") is currently serving a four-year sentence in state custody. Before the court are a report and recommendation ("R & R") issued by the magistrate judge recommending that the court deny Ramsey's petition for untimeliness (Doc. 7), and Ramsey's objections to the R & R (Doc. 8). For the reasons set forth below, the court adopts the R & R in its entirety and denies Ramsey's petition.

**I.    Background**

Ramsey pled guilty to one count of possession of cocaine in the Stark County Court of Common Pleas. On April 11, 2005, Ramsey was sentenced to serve four years.

It was not until January 29, 2007, that Ramsey filed a Motion to Vacate Illegal Sentence with the state trial court. The motion was denied, the trial court's decision was upheld on appeal, and the Ohio Supreme Court denied leave to appeal.

On December 27, 2007, Ramsey filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The magistrate judge issued a show cause order for Ramsey to demonstrate

why his petition should not be dismissed for untimeliness (Doc. 5). Ramsey responded, but did not address the untimeliness of his petition as directed (Doc. 6). The magistrate judge subsequently issued an R&R recommending the petition be denied due to untimeliness under 28 U.S.C. § 2244(d)(1). Ramsey filed his objections to the R&R by restating the reasons in his initial petition, but did not specifically object to the finding of untimeliness by the magistrate judge.

**II.     Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this court reviews de novo the portion of the magistrate judge's report and recommendation to which specific objections have been made. In reviewing the objections, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995). Failure to file an objection operates as a waiver precluding review by the district court. *Id.*

**III.    Discussion**

Although Ramsey has expressed dissatisfaction with the R&R, he has failed to raise objections clear enough to enable this court to discern any dispositive and contentious issues.

Ramsey claims that the R&R failed to address the holding in *State v. Foster*, 109 Ohio St.3d 1, 2006, which found the state sentencing system unconstitutional. However, the report and recommendation specifically addressed this claim, and found that it did not revive Ramsey's

-2-

untimely petition (Doc. 7, at 4). The R&R considered Ramsey's claims and arguments and determined that none of the claims could breath new life into an untimely petition. Ramsey does not specifically object to the R&R's finding of untimeliness, but merely restates the merits of his petition, which were addressed in the R&R. As a result, he has failed to make proper objections, waiving further review in this court of the R&R. Accordingly, this court adopts the well-reasoned and thorough R&R in its entirety, and for the reasons stated therein, denies Ramsey's petition for habeas corpus relief.

## IV. Conclusion

For the foregoing reasons, the court adopts the R & R in its entirety and denies Ramsey's petition for a writ of habeas corpus. Because the warden has not filed an objection and Ramsey has failed to file any proper objection, the parties have waived their rights to appellate review. *Miller*, 50 F.3d at 380. Accordingly, pursuant to 28 U.S.C. § 1915(a)(3), Ramsey's appeal would not be taken in good faith. Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

                                            */s/ Ann Aldrich*
                                            ANN ALDRICH
                                            UNITED STATES DISTRICT JUDGE

**Dated: August 15, 2008**